IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| MARLON MITCHELL, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:14-cv-238 (MTT) |
| W. JAMES SIZEMORE, *et al.*, | ) |
| Defendants. | ) |

## ORDER

Plaintiff Marlon Mitchell has filed a "Request for Complaint Reinstatement and Service or 'Certificate of Appealability' to Issue Forth," which the Court liberally construes to be a Rule 60(b)(6) motion for relief from judgment.[1]  Under Rule 60(b), "the court may relieve a party . . . from a final judgment, order, or proceeding" if the party can show (1) a "mistake, inadvertence, surprise, or excusable neglect"; (2) "newly discovered evidence . . ."; (3) "fraud . . ., misrepresentation, or misconduct by an opposing party"; (4) that "the judgment is void"; (5) that "the judgment has been satisfied, released or discharged . . ."; or (6) "any other reason that justifies relief." Because the Plaintiff's motion does not argue the existence of any newly discovered evidence, misconduct by the opposing party, or void judgment, the Court presumes the

---

[1] The Plaintiff has requested a certificate of appealability, which is a term used in the habeas context and is not necessary for a § 1983 action. (Doc. 7 at 1).  However, the Court construes this action as a § 1983 action rather than an attempt to file a federal habeas petition because the Plaintiff requests money damages and injunctive relief; he does not ask to be released from confinement.  Furthermore, even if he was attempting to file a federal habeas petition, it appears that the one-year AEDPA statute of limitations ran in 2000, one year after his conviction was confirmed by the Georgia Supreme Court in 1999, and about eight years before he filed his state habeas petition on July 1, 2008.  (Doc. 1, ¶ 15); *Mitchell v. State*, 271 Ga. 242, 516 S.E.2d 782 (1999).  Any federal habeas petition would be barred by the statute of limitations.

Plaintiff believes that there are extraordinary circumstances to justify a reopening of the case under Rule 60(b)(6).[2]  *See Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984) ("[R]elief under [Rule 60(b)(6)] is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances.").

The Plaintiff sued Defendants Governor Nathan Deal, Judge W. James Sizemore, and attorney Marcia G. Shein under 42 U.S.C. § 1983.  (Doc. 1).  After conducting a preliminary review pursuant to 28 U.S.C. § 1915A, the Court dismissed his complaint on July 15, 2014 for failure to state a claim because Deal is entitled to absolute immunity under the Eleventh Amendment, Sizemore is entitled to absolute judicial immunity, and the complaint failed to allege that Shein was acting under color of state law.  (Doc. 4 at 7-9).  Judgment was entered for the Defendants on July 16, 2014.  (Doc. 5).

Motions pursuant to Rule 60(b)(6) must be made "within a reasonable time." Fed. R. Civ. P. 60(c)(1).  In order to determine whether a motion has been made within a reasonable time, the court "must consider the circumstances of each case to determine whether the parties have been prejudiced by the delay and whether a good reason has been presented for failing to take action sooner."  *BUC Int'l Corp. v. Int'l Yacht Council Ltd.*, 517 F.3d 1271, 1275 (11th Cir. 2008) (internal quotation marks and citation omitted).

---

[2] It is possible that the Plaintiff is arguing that the Court made a mistake of law and is attempting to move under Rule 60(b)(1).  However, Rule 60(b)(1) motions must be made within a year of the entry of judgment.  Fed. R. Civ. P. 60(c)(1).  The Plaintiff moved more than a year after the entry of judgment, and any motion pursuant to Rule 60(b)(1) would be untimely.  Furthermore, even if the Plaintiff had timely moved, he could not obtain relief.  In his motion, the Plaintiff simply reiterates the arguments he made in his original complaint.  "'[T]he law is clear that Rule 60(b) may not be used to challenge mistakes of law which could have been raised on direct appeal.'"  *Abimbola v. Broward Cty.*, 266 F. App'x 908, 910 (11th Cir. 2008) (quoting *Am. Bankers Ins. Co. of Fla. v. Nw. Nat. Ins. Co.*, 198 F.3d 1332, 1338 (11th Cir. 1999)).  The Plaintiff did not appeal the Court's order dismissing his complaint to challenge any alleged mistakes of law.  He could not now use Rule 60(b) to do so.

The Plaintiff moved for relief a year and five months after judgment was entered. He offers no explanation, much less a good reason, as to why he waited so long to move for relief from judgment. This alone would be grounds to deny his motion.

Even if the Plaintiff has moved within a reasonable time, he could not obtain relief from the judgment. The Court has reviewed the Plaintiff's contentions in his original complaint and his motion, and the correct legal standards were applied. The only issues that now require any discussion are the claims for injunctive relief against Deal and Sizemore. The Plaintiff seeks an executive order from Deal "unfreezing" his inmate account, which was frozen to pay the fees when he filed motions related to his state habeas proceeding. (Doc. 7, ¶ 22). This Court cannot order Deal to issue an executive order, which is a discretionary act. *See Ex parte Young*, 209 U.S. 123, 158 (1908) ("[T]he court cannot control the exercise of the discretion of an officer. It can only direct affirmative action where the officer having some duty to perform not involving discretion, but merely ministerial in its nature, refuses or neglects to take such action.").

The Plaintiff also requests injunctions ordering Sizemore (1) to provide him with an "updated" final habeas order and a free copy of the transcript of his habeas proceeding and (2) to direct his clerk of court to release the "freeze" on his inmate account and declare he does not owe any fee for his habeas proceeding. (Doc. 1 at 22). To the extent the Plaintiff requests this Court to direct Sizemore in the performance of his duties, the Court cannot grant such relief. The Plaintiff is requesting what amounts to a writ of mandamus, and federal mandamus is available only to "compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Sizemore is not an officer or employee of the United

States or an agency thereof, and the Court lacks jurisdiction to grant the requested relief.  *See Bailey v. Silberman*, 226 F. App'x 922, 924 (11th Cir. 2007); *see also Moye v. Clerk, DeKalb Cty. Super. Ct.*, 474 F.2d 1275 (5th Cir. 1973)[3] ("[A] federal court lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought.").

Thus, the Plaintiff's claims were properly dismissed.  Accordingly, the Motion is **DENIED**.

**SO ORDERED**, this 12th day of July, 2016.

                                                    S/ Marc T. Treadwell
                                                    MARC T. TREADWELL, JUDGE
                                                    UNITED STATES DISTRICT COURT

---

[3] The Eleventh Circuit has adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).